UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ELEGANT FURNITURE AND LIGHTING, INC.,

                                                        Plaintiff,

                        -against-

GOLIGHTS, INC. and B & S LIGHTING AND
FURNITURE INC.,

                                                        Defendants.
----------------------------------------------------------------------X

<u>For Online Publication Only</u>

**ORDER**

22-cv-07172 (JMA) (ST)

**FILED**
**CLERK**

9:43 am, Jan 30, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Elegant Furniture and Lighting, Inc.'s ("Plaintiff") motion for default judgment ("Motion") against Defendant GOLIGHTS, Inc. ("GL"). For the below reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## I. DISCUSSION

### A. Defendant Defaulted.

On November 23, 2022, Plaintiff commenced this action ("Action") by filing a Complaint against GL, which alleged claims of unjust enrichment, conversion, federal trademark infringement, federal unfair competition, and common law trademark infringement, and unfair competition. (See Compl., ECF No. 1.) On November 30, 2022, GL was properly served with a copy of the Summons and Complaint. (See ECF No. 7.) On December 20, 2022, Plaintiff filed its First Amended Complaint against GL and B & S Lighting and Furniture Inc. ("B&S") (collectively, "Defendants"), alleging the same claims as above. (See ECF No. 9.) On December 28, 2022, B&S was served with a copy of the Summons and Amended Complaint. (See ECF No. 12.)

Following expiration of Defendants' deadline to respond to Plaintiff's Amended Complaint, the Court ordered Plaintiff to request a Certificate of Default from the Clerk of this

Court ("Clerk") on February 21, 2023.  On March 10, 2023, Plaintiff submitted a request for Certificate of Default.  (See ECF No. 18.)  On March 17, 2023, the Clerk entered a Certificate of Default against Defendants.  (See ECF No. 19.)

On April 25, 2023, B&S filed a pre-motion conference letter seeking vacatur of the March 17, 2023, Certificate of Default.  (See ECF No. 21.)  On May 5, 2023, Plaintiff filed a Motion for Default Judgment against Defendants.  (See ECF No. 23.)  On May 8, 2023, the Court granted B&S's motion for a pre-motion conference.  (See 5/8/2023 Order.)  The Court held a premotion conference on May 17, 2023, where it extended the time for B&S to answer by two weeks.  (See ECF No. 24.)  On May 25, 2023, B&S filed a timely answer to the Amended Complaint.  (See ECF No. 26.)

On June 20, 2023, Magistrate Judge Steven Tiscione referred the parties to mediation.  (See ECF No. 28.)  The case did not settle.  (See ECF No. 32.)  Thereafter, on January 22, 2024, Plaintiff renewed its Motion for Default Judgment—this time only against GL because B&S had already answered the Amended Complaint.  (See ECF No. 33.)

**B.  Liability.**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment.  See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, this Court must accept well-pled allegations "as true" and determine whether they establish the defendant's liability as a matter of law.  Bricklayers &

<u>Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

In its Amended Complaint, Plaintiff brings claims against GL for (i) unjust enrichment; (ii) conversion, and (iii) federal trademark infringement.[1]  (<u>See</u> Am. Compl., ¶¶ 19–32, ECF No. 9.)

1.    <u>Unjust Enrichment</u>.

To prevail on a claim for unjust enrichment under New York law, Plaintiff must establish "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  <u>Myun-Uk Choi v. Tower Rsch. Cap. LLC</u>, 890 F.3d 60, 69 (2d Cir. 2018).

Here, Plaintiff alleges it employed photographers to photograph its products; investing great time and expense.  (<u>See</u> Am. Compl., ¶ 11, ECF No. 9.)  Plaintiff allegedly uses these photographs to exhibit, promote, and sell its lighting products and to entice the shopping public to become a customer.  (<u>See</u> <u>id.</u> ¶¶ 11–13.)  Plaintiff alleges that it has not granted any rights to any other entity to use its photographs. (<u>See</u> <u>id.</u> ¶ 14.)  However, without Plaintiff's permission, GL has allegedly appropriated Plaintiff's photographs of its lighting products and used the photographs to make sales of lighting fixtures to the detriment and expense of Plaintiff.  (<u>See</u> <u>id.</u> ¶¶ 15, 19–22.)  GL has benefitted as its has made sales based on its use of Plaintiff's photographs. Accordingly, Plaintiff argues that equity and good conscience require restitution.

GL has failed to appear and deny or dispute Plaintiff's allegations as to its ownership of the photographs.  GL has also failed to deny or dispute Plaintiff's allegations that GL has appropriated and used Plaintiff's photographs without permission and has benefitted from that use. Therefore, accepting as true all the factual allegations regarding GL's unjust enrichment contained

---

[1]    Plaintiff also brought claims for (i) federal unfair competition and (ii) common law trademark infringement and unfair competition.  (<u>See</u> Am. Compl., ¶¶ 33–42, ECF No. 9.)  But Plaintiff does not move for default judgment on these claims.

in Plaintiff's First Amended Complaint, GL is liable to Plaintiff for unjust enrichment, and the Court enters default judgment on that claim.

      2.   <u>Conversion</u>.

"Under New York law, '[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" <u>DeVito v. Neiman</u>, 548 F. Supp. 3d 314, 317 (E.D.N.Y. 2021) (quoting <u>Thyroff v. Nationwide Mut. Ins. Co.</u>, 460 F.3d 400, 403–04 (2d Cir. 2006)).  To succeed on a claim for conversion, "a plaintiff must allege: (1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." <u>Id.</u> at 317–18.

Here, Plaintiff alleges in its Amended Complaint that GL has used its photographs without its authorization.  (<u>See</u> Am. Compl., ¶¶ 14–15, 24–27, ECF No. 9.)  Plaintiff has specifically identified its photographs that were appropriated and used by GL.  (<u>See id.</u> ¶ 12–13.)  Plaintiff allegedly owned these photographs as Plaintiff had contracted and employed photographers to photograph its products and, ultimately, produce the photographs.  (<u>See id.</u> ¶ 11.)  Plaintiff alleges it did not grant GL any rights for it to use the photographs.  (<u>See id.</u> ¶ 14.)  Despite this, GL has allegedly appropriated Plaintiff's photographs of its lighting products and used the photographs in the lighting market to make sales of lighting fixtures to the detriment and expense of Plaintiff. (<u>See id.</u> ¶¶ 15, 24–27.)  GL has failed to appear and deny or dispute Plaintiff's allegations as to its ownership and identification of the photographs.  GL has also failed to deny or dispute Plaintiff's allegations that it has appropriated and used Plaintiff's photographs without permission.

Like its claim for unjust enrichment, Plaintiff's First Amended Complaint has sufficiently alleged facts to support its conversion claim against GL for appropriation and use of Plaintiff's

photographs of its lighting products.  Accordingly, the Court enters default judgment the conversion claim, too.

     3.    <u>Federal Trademark Infringement</u>.

To succeed on a trademark infringement claim, Plaintiff must allege that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale ... or advertising of goods or services,' (5) without the plaintiff's consent."  <u>Canon U.S.A., Inc. v. F & E Trading LLC</u>, 2017 WL 4357339, at *5 (E.D.N.Y. Sept. 29, 2017) (quoting <u>1–800 Contacts, Inc. v. WhenU.Com, Inc.</u>, 414 F.3d 400, 406 (2d Cir. 2005), <u>cert denied</u>, 546 U.S. 1033 (2005)).  Additionally, "the plaintiff must show that defendant's use of that mark 'is likely to cause confusion ... as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'"  <u>1–800 Contacts</u>, 414 F.3d at 406 (quoting 15 U.S.C. § 1125(a)(1)(A)); <u>see also</u> <u>Estee Lauder Inc. v. The Gap, Inc.</u>, 108 F.3d 1503, 1508–09 (2d Cir. 1997).

Here, Plaintiff alleges it is—and was at all relevant times—the owner of federal trademark registration, Reg. No. 55,7925 issued by the USPTO on October 2, 2018, for the ELEGANT FURNITURE & LIGHTING mark.  (<u>See</u> Am. Compl., ¶ 16, ECF No. 9.)  Since at least September 2016, Plaintiff alleges it has extensively and continuously used and promoted its trademark in connection with retail store services, which has resulted in extensive sales under its trademark. (<u>See</u> <u>id.</u> ¶ 17.)  As a result, Plaintiff alleges its trademark enjoys wide public acceptance and association with Elegant and has come to be recognized widely and favorably by the public as an indicator of the origin of Plaintiff's goods.  (<u>See</u> <u>id.</u> ¶ 18.)

GL allegedly uses Plaintiff's trademark on—at least—Amazon.com.  (<u>See</u> <u>id.</u> ¶ 19.)  Doing so allegedly diverts customers from Plaintiff's electronic Amazon page to the GL's electronic

Amazon page, where it does not and cannot offer Plaintiff's products.  (See id. ¶¶ 19, 28–42.) However, GL allegedly provides GL's products to the customer—and in the process—deceptively lures customers away from Plaintiff's products by using Plaintiff's trademark.  (See id. ¶ 19.)

Despite proper service, GL has failed to appear and deny/dispute Plaintiff's allegations as to its ownership and registration of its trademark.  GL has also failed to deny or dispute Plaintiff's allegations that GL acted willfully in infringing Plaintiff's trademark in commerce regarding the sale or advertising of goods.  Therefore, accepting as true all the factual allegations regarding GL's trademark infringement contained in Plaintiff's First Amended Complaint, the Court concludes Plaintiff has sufficiently alleged facts to support its trademark infringement claims against GL, and the Court enters default judgment on that claim.

## C. **Injunctive Relief.**

Plaintiff seeks a permanent injunction enjoining GL, its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from GL or in concert or participation with GL, from using (i) Plaintiff's trademark and (ii) its photographs of its lighting fixtures.  (See Am. Compl., at 9–10.)

It is well-established that a court may grant a permanent injunction as part of a default judgment. See, e.g., Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546–47 (S.D.N.Y. 2015) (collecting cases); see also Campbell v. Huertas, 2023 WL 1967512, at *10 (E.D.N.Y. Feb. 13, 2023).  A permanent injunction should be granted when a plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

In this case, all four factors weigh in favor of Plaintiff.

1.    Irreparable Harm.

In trademark infringement cases, irreparable harm is almost always found where a probability of confusion exists because of the "unique nature of the trademark's function in representing such an intangible asset as reputation and good will."  See Johnson & Johnson v. Azam Int'l Trading, 2013 WL 4048295, at *12 (E.D.N.Y. Aug. 9, 2013) (cleaned up) (internal quotations and citation omitted).  Given the likelihood of confusion arising from GL's conduct, discussed supra, Plaintiff would lose control of its reputation and goodwill, causing irreparable harm in the absence of an injunction.  See U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 540–41 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013) (summary order).

2.    Remedies at Law are Inadequate.

Second, Plaintiff's requested injunction is appropriate because its loss of reputation and goodwill cannot be quantified, and no adequate remedy at law can compensate Plaintiff.  See U.S. Polo Ass'n, Inc., 800 F. Supp. 2d at 541 (citing Northwestern Nat'l Ins. Co. of Milwaukee, Wisc. v. Alberts, 937 F.2d 77, 80 (2d Cir. 1991)); see also Stark Carpet Corp v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 158 (E.D.N.Y. 2013) ("A defendant's refusal to appear in this action demonstrates the inadequacy of plaintiff's remedies at law.") (citation omitted).

3.    Balance of Hardships Weighs in Plaintiff's Favor.

Similarly, the balance of hardships weighs in favor of injunctive relief because Plaintiff has spent nearly a decade of time, money, and resources to establish, develop, and promote its mark and photographs.  See Coty Inc. v. Excell Brands, LLC, 277 F. Supp. 3d 425, 464–65 (S.D.N.Y. 2017) (finding this factor weighed in favor of the plaintiff where the plaintiff spent millions of dollars on marketing and sold its perfumes for decades as opposed to the defendant's lack of marketing and recent entry into the market); Stark Carpet Corp., 954 F. Supp. 2d at 163–64

(observing that most courts typically find injunctive relief proper where plaintiff offers evidence that losing control of its mark would cause significant harm); Campbell, 2023 WL 1967512, at *10.  Moreover, it is "axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted).

    4.    <u>Public Interest Would Not Be Disserved by Injunction</u>.

"Finally, the public interest is served by issuing injunctive relief because it would protect the public from deception, mistake, and confusion."  See Campbell, 2023 WL 1967512, at *11 (citing New York City Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010) ("[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality.")); Ideavillage Prod. Corp v. OhMyGod 1, 2020 WL 6747033, at *4 (S.D.N.Y. Nov. 17, 2020) ("A permanent injunction would also promote the public interest in freedom from deception in the marketing of consumer goods.").

*    *    *

As a result, Plaintiff's request for a permanent injunction is granted.  Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that GL, its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from GL or in concert or participation with GL, are enjoined from:

1. Using Elegant's trademark on or in connection with any of GOLIGHTS, Inc.'s goods;

2. Using Elegant's trademark or any other copy, reproduction, colorable imitation, or simulation of Elegant's trademark on or in connection with GOLIGHTS, Inc.'s goods;

3. Using any trademark, name, logo, design, or source designation of any kind on or in connection with GOLIGHTS, Inc.'s goods or services that is a copy, reproduction, colorable imitation, or simulation of, or

confusingly similar to Elegant's trademark, trade dresses, names, or logos; iv. using any trademark, name, logo, design, or source designation of any kind on or in connection with GOLIGHTS, Inc.'s goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Elegant, or are sponsored or authorized by Elegant, or are in any way connected or related to Elegant;

4. Passing off, palming off, or assisting in passing off or palming off GOLIGHTS, Inc.'s goods as those of Elegant, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5. Using Elegant's photographs of its lighting fixtures for any purpose or reason, including, but not limited to on or in connection with any of Defendants' products, businesses, sells, advertising, or promotion; and

6. Using Elegant's photographs or any other copy, reproduction, colorable imitation, or simulation in connection with Defendant's goods.

## D. Damages, Attorneys' Fees, and Costs.

Plaintiff also seeks damages it sustained and attorneys' fees & costs pursuant to Federal Rule of Civil Procedure 55(b)(2). (See Proposed Judgment, at 10, ECF No. 23-5.) At this juncture, the Court denies Plaintiff's request without prejudice.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 779 F.3d at 189 (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must "conduct an inquiry to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Here, Plaintiff does not specify anywhere in its Motion the number of damages it seeks. It is Plaintiff's burden to prove damages and establish its entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Accordingly, the

Court denies Plaintiff's request for damages without prejudice and with leave to renew its motion. Plaintiff shall re-file its motion with the proper supporting papers, including a Memorandum of Law and declarations from persons with knowledge to substantiate Plaintiff's claims for damages.

Plaintiff also does not specify anywhere in its Motion the number of attorneys' fees and costs it seeks.  Accordingly, the Court also denies Plaintiff's request for attorneys' fees and costs without prejudice and with leave to renew its motion.  In connection with any post-default judgment fee application, Plaintiff shall submit contemporaneous time records with its motion papers.  See N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983) (stating that, in the Second Circuit, "contemporaneous time records are a prerequisite for attorney's fees.")  The Second Circuit's opinion in Carey informed attorneys practicing in this Circuit that "[h]ereafter, any attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records.  These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." Id. at 1148.  This is considered a "strict rule from which attorneys may deviate only in the rarest of cases."  Scott v. City of New York (Scott I), 626 F.3d 130, 133 (2d Cir. 2010) (per curiam). Accordingly, Plaintiff shall re-file its motion with the proper supporting papers, including a Memorandum of Law and contemporaneous time records, to substantiate Plaintiff's claims for attorneys' fees and costs.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is GRANTED IN PART and DENIED IN PART as follows.  Plaintiff's Motion is granted as to Defendant GOLIGHTS, Inc., and GOLIGHTS, Inc. is permanently enjoined from using Plaintiff's trademark and its photographs of its lighting fixtures.  However, Plaintiff's request for (i) damages, (ii)

attorneys' fees, and (iii) costs are denied without prejudice.  Plaintiff shall file a renewed, post-judgment motion and proposed judgment—with proper support and consistent with this Order—by March 6, 2024.

**SO ORDERED.**

Dated:  January 30, 2024
Central Islip, New York

_____/s/____JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

11